UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTIN A. ARMSTRONG,<br><br>  Plaintiff,<br><br>  v.<br><br>HARVEY LAPPIN et al.,<br><br>  Defendants. | Civil Action No.  09-972 (HHK) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Martin Armstrong, a prisoner serving a criminal sentence, is currently confined at the Federal Correctional Institution Fort Dix, in Fort Dix, New Jersey.  Paying the $350.00 fee for filing a civil action, he filed a pro se complaint "for personal injury," pursuant to 42 U.S.C. §§ 1983, 1985, *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.  The complaint names as defendants the Director of the Federal Bureau of Prisons ("BOP") and ten unknown BOP employees.[1]  *See* Compl. at 1, 10.  Armstrong has also filed a motion for a temporary restraining order ("TRO").  The motion for a TRO will be denied, and the claims for damages will be transferred, in the interest of justice, to the United States District Court for the Southern District of New York, where the alleged personal injury occurred.

I.  BACKGROUND

Armstrong was arrested on September 13, 1999, on a complaint charging him with securities fraud.  *Armstrong v. Guccione*, 470 F.3d 89, 93 (2d Cir. 2006).  The same day, the Securities and

---

[1] There is no evidence on the docket that the defendants have been served process.

Exchange Commission sued him in a civil suit. *Id.* In the civil suit, the district court ordered Armstrong, a corporate officer of the defendant, to turn over certain documents and assets in his custody or control. *Id.* Armstrong produced some items, but failed to return approximately $15 million in corporate assets. *Id.* at 94. After hearings on motions, the district court handling the civil case found Armstrong in contempt of its orders and on January 14, 2000, ordered the marshals to confine Armstrong at the Metropolitan Correctional Center ("MCC") in New York until he either complied with the turnover orders or demonstrated that it would be impossible for him to do so. *Id.* at 95. On August 17, 2006, Armstrong pled guilty to some of the criminal charges. *Id.* at 96. During this period, the district court held periodic hearings to ensure that Armstrong's contempt confinement remained coercive rather than punitive.[2] *Id.* at 95. Armstrong also filed "numerous interlocutory appeals from the district court's repeated determinations." *Id.* Criminal sentence was imposed on Armstrong on April 10, 2007, and his confinement for civil contempt was lifted on April 27, 2007. *Armstrong v. Grondolsky,* Civil Action No. 08-569 (RMB), 2008 WL 442111, *2 (D.N.J. Feb. 14, 2008). A few days later, on May 10, 2007, while still being held at MCC, another inmate attacked and seriously injured Armstrong. Compl. at 1.

Before and since the contempt confinement was lifted, Armstrong has argued in various courts that under 18 U.S.C. § 3585(b) he is due credit toward his criminal sentence for the time he spent in confinement for civil contempt of court. *See, e.g., Armstrong v. Lappin,* Civil Action 06-2221 (UNA) (Dec. 28, 2006) (transferring habeas petition raising the § 3585(b) issue to the United States District Court for the Southern District of New York, where petitioner was confined);

---

[2] The SEC's civil case remained open until September 30, 2008. *See* Order, *S.E.C. v. Princeton Economics et al.,* Civil Action 99-9667 (PKC) (S.D.N.Y. Sept. 30, 2008).

*Armstrong v. Lappin,* Civil Action No. 07-2573 (S.D.N.Y. Mar. 28, 2007) (dismissing habeas petition raising the § 3585(b) for failing to make a substantial showing of a denial of a constitutional right, and certifying that any appeal would not be taken in good faith);[3] *Armstrong v. Grondolsky,* Civil Action No. 08-569 (RMB) (D.N.J. June 12, 2008) (dismissing, after ordering custodian to respond, habeas petition raising 18 U.S.C. § 3585(b) issue for failure to exhaust administrative remedies); *Armstrong v. United States of America,* Civil Action No. 08-10946 (HB) (S.D.N.Y. Dec. 17, 2008) (dismissing petition for writ of mandamus regarding the application of custody credit under § 3585(b), and certifying that any appeal would not be taken in good faith);[4] *Commodity Futures Trading Comm'n v. Princeton Global Mgmt.,* App. Nos. 08-5899 & 08-5902 (2d Cir. May 4, 2009) (denying Armstrong's "motion for a temporary restraining order barring his continued confinement" and granting appellees' motions to dismiss).[5]

## II.  DISCUSSION

In the action filed here, Armstrong asserts damages claims for an assault he suffered at the hands of a fellow inmate, Compl. at 1-2, and for what he asserts is his illegal confinement due to BOP officials' refusal to apply the custody credit he maintains is mandated by § 3585(b), *id.* at 2-7.

---

[3] This memorandum opinion and order are not available from the court's electronic docket for review.

[4] This memorandum opinion and order are not available from the court's electronic docket for review.

[5] The Court of Appeal for the Second Circuit also granted in part the appellees' motions for imposition of a leave-to-file sanction, and warned Armstrong that "any future filings of frivolous, meritless, or duplicative appeals, motions, petitions, or other papers related to the civil and criminal proceedings discussed in [the order disposing of that appeal] may result in the imposition of a leave-to-file sanction, under which Armstrong will be required to obtain permission" before filing additional papers with the Second Circuit. *Id.*

Presumably in an attempt to avoid dismissal on habeas jurisdictional grounds, the complaint states that "Armstrong will also seek immediate release in a separate action." *Id.* at 10. The sole subject of the pending TRO, however, is the § 3585(b) issue, and the remedy sought is Armstrong's immediate release from his confinement under criminal sentence. *See* Mot. for TRO at 44 (seeking immediate release as relief).

A.     The Motion for a TRO

As this court has previously instructed Armstrong, "[h]abeas corpus is the exclusive remedy for a federal prisoner bringing a claim that would have a 'probablistic impact' upon the duration of his custody." *Armstrong v. Lappin,* Civil Action No. 06-2221 (D.D.C. Dec. 28, 2006) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988) and *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)). Therefore, because granting Armstrong's TRO would have the effect of altering the duration of his custody, he must pursue that relief through a habeas petition addressed to his current custodian. *Id.* at 1-2.

In addition, the TRO will be denied because Armstrong has not made the showings required to obtain a TRO, which include a showing of likelihood of success on the merits. *Jacksonville Port Authority v. Adams*, 556 F.2d 52, 57 (D.C. Cir. 1977) (listing "[t]he familiar factors affecting the grant of preliminary injunctive relief (1) likelihood of success on the merits, (2) irreparable injury to the plaintiff, (3) burden on the others' interests, and (4) the public interest." Particularly because Armstrong seeks to alter, rather than to maintain, the status quo, he must be held to the stringent standards imposed on a plaintiff seeking a TRO. *Judicial Watch, Inc. v. Dep't of Commerce,* 501 F. Supp. 2d 83, 91 & n.3 (D.D.C. 2007). In the face of the plain language of § 3585(b), Armstrong

cannot demonstrate a likelihood of success on the merits. Section 3585(b) provides in full as follows:

> Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). Armstrong's confinement for civil contempt of court was neither (1) the result of the offense for which the [criminal] sentence was imposed nor (2) the result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed. Rather, Armstrong's confinement for civil contempt did not flow from any offense or arrest; it stemmed directly from his refusal to produce documents and turnover assets as ordered by the district court in a civil proceeding. Case law also undermines Armstrong's argument. Section 3585 "allows credit only where the presentence detention resulted from 'the offense for which the sentence was imposed,' or from 'any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed.' Plainly a civil contempt confinement is not within these categories . . . ." *Ochoa v. United States*, 819 F.2d 366 (2d Cir. 1987) (quoting 18 U.S.C. § 3585(b)). In light of the plain language of the statue at issue and pertinent case law, it cannot be said that Armstrong is likely to succeed on the merits of his claim. Accordingly, his motion for TRO will be denied.[6]

---

[6] Moreover, a showing of irreparable harm is required for a TRO. "Irreparable harm is an imminent injury that is both great and certain, and that legal remedies cannot repair." *City of*

B.      The Complaint for Damages

Claims for damages under the FTCA are subject to special venue provisions. The venue provision for FTCA claims requires that "[a]ny civil action on a tort claim against the United States . . . be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). The complaint alleges that Armstrong was brutally attacked while confined at the MCC in New York. Accordingly, finding it in the interests of justice and judicial economy to do so, the court will transfer this case to the district where venue is proper. 28 U.S.C. § 1406.

### III. CONCLUSION AND ORDER

For the reasons stated, it is hereby

ORDERED that the plaintiff's motion for a TRO is DENIED. It is

FURTHER ORDERED that this case is TRANSFERRED to the United States District Court for the Southern District of New York. The Clerk is directed to transmit this case.

July 2, 2009

HENRY H. KENNEDY, JR.
United States District Judge

---

*Moundridge v. Exxon Mobil Corp.*, 429 F. Supp. 2d 117, 127 (D.D.C. 2006) (citing *Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985)). A claim for damages for the harm alleged, which is the claim Armstrong makes in his complaint, undermines a showing that the injury is incapable of being redressed by money damages.